### C. S. BURDSALL & Co. *v.* CHRISFIELD & PEALE.

When parties exchange their *memorandum* checks for mutual accommodation, no right of action accrues in behalf of one against the other, until the plaintiff has paid the check given by him; while it is outstanding and unpaid, the relation between them is merely that of principal and surety.

SPECIAL TERM.—Action upon a bank check. The facts sufficiently appear in the decision.

*Corwine, Hayes & Rogers*, for plaintiff.

*Collins & Herron*, for defendants.

STORER, J. The petitioner claims to recover the amount of a check drawn by defendants for $1,200, on T. S. Goodman & Co., dated Sept. 15, 1854, and payable to plaintiffs or order.

The answer sets up the fact, that the check, described in the petition was a memorandum, only given to plaintiffs as an exchange for a similar check, loaned by them to defendants, and the only consideration existing between the parties was that exchange and accommodation. There is no evidence that the check has ever been presented to the drawees, or that payment has been refused, but as that defense is not relied on, we shall assume that the necessary proof might have been made, and, by consent, has been dispensed with. Testimony has been taken which sustains the allegations of the answer; and the additional fact appears, that the check, drawn by the plaintiff, in favor of the defendants, was pledged, by Chrisfield, with John Young, as security for an advance of money. The plaintiffs have never paid the check, nor been called on by legal process to pay it. Their liability to discharge it is the only ground on which a recovery, in this case, is asked.

The question seems to us to be plain; if the plaintiffs held the check sued upon, to represent that loaned by them, for a similar sum, to the defendants, it is nothing more than a guaranty, that the defendants will protect the plaintiffs from ultimate loss, and must be governed by the same rule that would apply to the ordinary case of principal and surety. We know of no principle that would authorize the surety upon ordinary mercantile contracts to sue the principal, until he has discharged the debt. The mere fact of liability is not sufficient; if it was, how would the surety be protected if the principal should be permitted to recover the money, and afterward neglect, or refuse, or be unable, to discharge the original debt? certainly the surety ought not to be required to pay it the second time. Burge on Suretyship, B. 4, C. 1. 357.

In this case, it is admitted that the plaintiffs and defendants are both insolvent. Neither have suffered by the exchange of these checks, which are still unpaid, and must have been understood, at the time, to be accommodation checks only. We can find no equity for the plaintiffs, and the law is clearly with the defendants.

Judgment for defendants.